Daniel, J.
 

 This bill was filed in 1838, to set aside a deed executed by the intestate to the defendant, in the year 1825, conveying all her dower and personal estate, then of the value of eight or nine hundred dollars. The bill charges, that at the time the .deed was executed, Catharine Harkey, was, from her great age and imbecility of mind, incapable of making a contract or disposing of her property; and that the defendant, well knowing the same, by artful and fraudulent contrivances, procured her to execute to him the said deed. The prayer is, that the deed be set aside, and that the defendant be decreed to account. The defendant in his answer admits, that his mother, Catharine Harkey, was a very old woman, when she executed the said deed to him. But he denies, that she labored under such mental imbecility, as
 
 *396
 
 not to be able to make contracts. He avers that she well understood what she did. He denies any fraud on his part, or artful contrivance to procure the said deed. He says, that his mother, after advancing three of her other children with a slave each, was left possessed of dower in a small tract of of land much worn by cultivation, a negro woman, and three small children, a very small live stock, and some household furniture: That she agreed to convey the same to him, in consideration of his taking care of her and maintaining her the balance of her life : That upon these considerations she executed the said deed, and he executed to her a covenant for maintenance, and that the negro woman should at all times wait on her, and that he would pay $150 to three of her other children. All which covenants, he says, he has faithfully executed. He further sayeth, that his mother lived ten years after the date of the deed; and that she was palsied for four or five years before her death, and required almost constant nursing and attention by him or some of his family. The plaintiff has replied to the answer. There has been a good deal of testimony taken in this cause. On examining it, some suspicions are raised as to the fairness of the defendant’s conduct in getting the deed. But, neverthe. less, we are compelled
 
 to
 
 say, from the whole evidence, that .the plaintiff has not established the case stated in his bill. It appears that Catharine Harkey was an illiterate, ill-natured and fractious old woman. But the evidence proves that she had mental capacity sufficient to make a good and legal contract — and that the writer of the deed (a man of great respectability) explained to her at the time the contents and the legal effect of the deed. She then, it appears, freely executed the deed. From the date of the deed, (1825,) up to the year 1831, she continued in the constant practice of a midwife in the neighborhood, and during that time made no attempt to impeach the transaction. From that time, (1831,) to her death, she was palsied, and required constant attention and waiting on. It is in proof by two witnesses, that the maintenance and trouble to which the defendant had been put, was worth the property conveyed to him in the deed-
 
 *397
 
 We are of the opinion, that the bill must be dismissed, but without cost.
 

 Pjtr Curiam, Bill dismissed, without'costs.